UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

JERALD W. BOITNOTT,                           Civil No. 06-506 (DSD/AJB)

    Petitioner,

v.                                            **REPORT AND RECOMMENDATION**

DAVID CRIST, Warden,

    Respondent.

THIS MATTER is before the undersigned United States Magistrate Judge on Petitioner's self-styled application for habeas corpus relief under 28 U.S.C. § 2241. The matter has been referred to this Court for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, it is recommended that the petition for writ of habeas corpus be summarily dismissed pursuant to Rule 4 of The Rules Governing Section 2254 Cases In The United States District Courts.[1]

## I. BACKGROUND

Petitioner is a Minnesota state prison inmate, who is currently incarcerated at the Minnesota Correctional Facility at Lino Lakes, Minnesota. He was convicted of first degree murder in 1988, and he is serving a life sentence for that offense.

---

[1] Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Although The Rules Governing Section 2254 Cases are most directly applicable to habeas petitions filed by state prisoners pursuant to 28 U.S.C. § 2254, they also may be applied to habeas cases brought under 28 U.S.C. § 2241. Rule 1(b); Mickelson v. United States, Civil No. 01-1750 (JRT/SRN), (D.Minn. 2002), 2002 WL 31045849 at *2; Bostic v. Carlson, 884 F.2d 1267, 1270, n.1, (9th Cir. 1989); Rothstein v. Pavlick, No. 90 C 5558 (N.D.Ill. 1990), 1990 WL 171789 at *3.

Petitioner filed a direct appeal following his conviction and sentencing, but the Minnesota Supreme Court denied his appeal. State v. Boitnott, 443 N.W.2d 527 (Minn. 1989).[2] In 1997, Petitioner filed his first state post-conviction motion. That motion was denied by the trial court, and the Minnesota Supreme Court affirmed that ruling. Boitnott v. State, 582 N.W.2d 243 (Minn.), cert. denied, 525 U.S. 1025 (1998).

A few months later, Petitioner filed a federal habeas corpus petition in this District, in which he again challenged his 1988 murder conviction. (Boitnott v. Crist, Civil No. 98-2544 (DSD/AJB), [hereafter "Boitnott I"].) The matter was assigned to this Court for a Report and Recommendation, and the Court concluded that several of Petitioner's federal habeas claims had been procedurally defaulted, and the remaining claims lacked merit. The Court therefore recommended that Boitnott I should be dismissed with prejudice. That recommendation was adopted, (over Petitioner's objections), and Petitioner's first federal habeas corpus petition was "dismissed with prejudice" by order of District Court Judge David S. Doty. (Boitnott I, Order dated May 28, 1999, [Docket No. 20].)

Petitioner tried to appeal the dismissal of his habeas corpus petition in Boitnott I, but both the District Court and the Eighth Circuit Court of Appeals denied his requests for a Certificate of Appealability. (See 28 U.S.C. § 2253(c).) Petitioner later applied to the United States Supreme Court for a writ of certiorari, but that request also was denied. Boitnott v.

---

[2] Under Minnesota law, appeals in first degree murder cases are taken directly to the State Supreme Court, rather than the Minnesota Court of Appeals. Minn.Stat. § 632.14.

Crist, 530 U.S. 1265 (2000).

Following the dismissal of Boitnott I, Petitioner filed two more state post-conviction motions. Both of those motions were denied at the trial court level, and Petitioner's appeals in both of those two matters were denied by the Minnesota Supreme Court. Boitnott v. State, 631 N.W.2d 362 (Minn. 2001); Boitnott v. State, 640 N.W.2d 626 (Minn. 2002).

Petitioner represents that sometime after he filed his third state post-conviction motion, he applied to the Eighth Circuit Court of Appeals for leave to file a "second or successive" federal habeas corpus petition. According to Petitioner, that motion was denied by the Court of Appeals on December 27, 2001. (Petition, [Docket No. 1], p. 10.)

Now, more than four years after Petitioner was denied authorization to file another federal habeas corpus petition, and nearly eighteen years after he was originally convicted and sentenced, Petitioner is once again seeking federal habeas review of his state murder conviction. He apparently is attempting to present the same claims that were dismissed with prejudice in Boitnott I. However, the Court finds that because Petitioner has already been denied federal habeas relief with prejudice, the present petition must be summarily dismissed for lack of jurisdiction.

## II.  DISCUSSION

Although Petitioner apparently is attempting to proceed under 28 U.S.C. § 2241, the remedy provided by that statute is clearly not available to him. Our Court of Appeals has held, very explicitly, that 28 U.S.C. § 2254 provides the only federal remedy by which state prisoners can challenge a state criminal conviction. Because Petitioner is in state custody pursuant to

3

the judgment of a state court, he "can only obtain habeas relief through § 2254, no matter how his pleadings are styled." Crouch v. Norris, 251 F.3d 720, 723 (8th Cir. 2001). See also Singleton v. Norris, 319 F.3d 1018, 1023 (8th Cir.) ("§ 2254 is the only means by which 'a person in custody pursuant to the judgment of a State court' may raise challenges to the validity of his conviction or sentence") (quoting Crouch, supra), cert. denied, 540 U.S. 832 (2003); Abordo v. O'Dell, No. 01-2296 (8th Cir. 2001), 2001 WL 1529746 (unpublished opinion) at * 1 (although state prisoner "labeled his suit as one brought under section 2241, the only vehicle for his attack on his confinement is 28 U.S.C. § 2254, because he is in custody pursuant to a state court judgment"), cert. denied, 537 U.S. 836 (2002).

Under different circumstances, Petitioner's current petition might simply be construed as a petition brought under § 2254, and entertained as such. Or, in the alternative, Petitioner might be instructed to file an amended petition seeking relief under § 2254. Those options are not available here, however, because Petitioner is not presently eligible for habeas corpus relief under § 2254.

Petitioner already challenged his state criminal conviction in Boitnott I, and his current claims for relief already were brought, (or could have been brought), in that case. Therefore, if Petitioner were now seeking relief under § 2254, his petition would be deemed a "second or successive petition." See In re: Cain, 137 F.3d 234, 235 (5th Cir. 1998) ("a later petition is successive when it... raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition") (cited with approval in Crouch, 251 F.3d at 724). Because Boitnott I was dismissed with prejudice, Petitioner cannot challenge his murder conviction in another § 2254 petition without first obtaining preauthorization from the

Eighth Circuit Court of Appeals pursuant to 28 U.S.C. § 2244(b).[3]

According to § 2244(b), a district court cannot entertain a second or successive

---

[3] 28 U.S.C. § 2244(b) provides as follows:

"**(b)(1)** A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.

**(2)** A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless–
   **(A)** the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
   **(B)(i)** the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
   **(ii)** the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

**(3)(A)** Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.
**(B)** A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals.
**(C)** The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.
**(D)** The court of appeals shall grant or deny the authorization to file a second or successive application not later than 30 days after the filing of the motion.
**(E)** The grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari.

**(4)** A district court shall dismiss any claim presented in a second or successive application that the court of appeals has authorized to be filed unless the applicant shows that the claim satisfies the requirements of this section."

application for habeas corpus relief filed by a state prisoner, unless the prisoner has first obtained an order from the apposite court of appeals that allows him to file another petition. 28 U.S.C. § 2244(b)(3)(A). See Cox v. Norris, 167 F.3d 1211, 1212 (8th Cir. 1999) (prisoner must receive authorization from the Court of Appeals in order for a district court to consider a second or successive application for habeas corpus relief). The petition now before this Court is Petitioner's second application for federal habeas corpus relief pertaining to his state murder conviction, so it cannot be entertained without preauthorization from the Eighth Circuit Court of Appeals. Because Petitioner has not obtained such preauthorization, any new application for federal habeas corpus relief presented to our District Court must be dismissed for lack of jurisdiction. Nunez v. United States, 96 F.3d 990, 991 (7th Cir. 1996); Chadwick v. Graves, 110 F.Supp.2d 1110, 1114, (N.D.Iowa 2000); Wainright v. Norris, 958 F.Supp. 426, 431-32 (E.D.Ark. 1996).[4]

Petitioner obviously is trying to circumvent § 2244(b)'s preauthorization requirement by trying to bring his habeas claims under § 2241, instead of § 2254. However, he simply cannot do that. The restrictions on second and successive § 2254 habeas petitions would be meaningless if a state prisoner could avoid those restrictions simply by changing the label on his petition from § 2254 to § 2241. Congress could not have intended for the requirements of § 2244(b) to be so easy to evade. Our Court of Appeals has held that *federal* prisoners cannot use § 2241 to avoid the restrictions on successive motions brought under 28 U.S.C.

---

[4] See also Woodruff v. Dingle, Civil No. 03-2425 (DSD/SRN) (Doty J.) (Order dated April 25, 2003, [Docket No. 6]) (state prisoner's § 2241 habeas petition summarily dismissed for lack of jurisdiction because prior § 2254 petition had been dismissed "with prejudice," and petitioner failed to obtain preauthorization order from the Court of Appeals).

§ 2255, (<u>United States v. Lurie</u>, 207 F.3d 1075, 1077 (8th Cir. 2000)), and there is no reason to think that a different rule should be applied to <u>state</u> prisoners who bring successive habeas petitions under § 2254.

The Court understands that Petitioner believes <u>Boitnott I</u> was wrongly decided. However, this argument also fails to overcome the <u>congressionally-enacted</u> rule that requires state prisoners to obtain a preauthorization order from the Court of Appeals before bringing a second or successive federal habeas corpus petition.  Again, the preauthorization requirement would be rendered meaningless if Petitioner's argument were adopted, because any state prisoner then could easily evade the preauthorization requirement simply by arguing that his prior habeas case was wrongly decided.  If a habeas petitioner believes that a federal district court has erroneously rejected his claims for relief, he can attempt to appeal the district court's ruling to the apposite Circuit Court of Appeals.  However, if his attempt to appeal is unsuccessful, (as was the case for Petitioner here), that does not excuse him from the statutory restrictions on successive petitions.  A state prisoner cannot continue to file successive applications for habeas relief, without the requisite circuit court preauthorization, simply because he believes his claims were wrongly denied in his first federal habeas case.

## III.   CONCLUSION

For the reasons discussed above, the Court concludes that this action must be summarily dismissed for lack of jurisdiction.  The Court will recommend that this case be dismissed without prejudice, so that Petitioner can resubmit his habeas claims <u>in a new action,</u> <u>if he is able to secure a pre-authorization order from the Court of Appeals</u> as required by § 2244(b)(3)(A).  Petitioner should carefully note, however, that <u>this District Court will not</u>

entertain any future habeas petition pertaining to his 1988 state criminal conviction and sentence, unless such petition is accompanied by a pre-authorization order from the Eighth Circuit Court of Appeals.[5]

Finally, it will be recommended that Petitioner's motion for appointment of counsel, (Docket No. 2), be denied, because he has failed to state a habeas corpus claim that can be entertained in this Court at this time. See Edgington v. Missouri Dept. of Corrections, 52 F.3d 777, 780 (1995) (appointment of counsel should be considered if the claimant has stated a facially cognizable claim for relief).

## IV. RECOMMENDATION

Based upon the foregoing and all of the files, records, and proceedings herein,

**IT IS HEREBY RECOMMENDED THAT:**

1. Petitioner's application for a writ of habeas corpus, (Docket No. 1), be DENIED;

2. Petitioner's motion for appointment of counsel, (Docket No. 2), be DENIED; and

3. This action be summarily DISMISSED WITHOUT PREJUDICE.

Dated: February 17, 2006

                                                  s/ Arthur J. Boylan

---

[5] Because the Court presently lacks jurisdiction in this matter based on the rules governing successive petitions, the timeliness of the instant petition will not be addressed here. It should be noted, however, that even if Petitioner were to obtain Circuit Court permission to file another habeas petition, he would still have to overcome the one-year statute of limitations, (28 U.S.C. § 2244(d)), before that new petition could be reviewed on the merits in the District Court. Given the age of Petitioner's conviction, and the fact that he apparently did not seek any judicial review of his conviction for several years immediately before he filed this action, it appears unlikely that Petitioner will be able to overcome the statute of limitations, even if the Circuit Court excuses him from the rule barring successive petitions.

                ARTHUR J. BOYLAN
                United States Magistrate Judge

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection. This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals. Written objections must be filed with the Court before March 6, 2006.